# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58392-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RICHARD J. VICTORINO, | |
| Appellant. | |

CHE, J. — In 1987, Victorino pleaded guilty to second degree burglary, but he failed to appear for sentencing. In 2022, Victorino moved to withdraw his guilty plea. The trial court denied Victorino's motion and sentenced him.

Victorino argues that his conviction must be reversed because the record is insufficient to permit effective appellate review, and that his guilty plea was involuntary because there was an insufficient factual basis to support the plea.

Prior to oral argument, the State filed a motion to strike oral argument, requesting summary reversal and remand for the trial court to dismiss the charge against Victorino with prejudice. Victorino joined in the State's motion. We grant the State's motion for summary reversal and remand to the trial court for the State to move to dismiss the charge with prejudice.[1]

---

[1] This court granted the State's motion to strike oral argument, retaining this matter for non-oral argument on the September 6, 2024 docket. Ord. Striking Oral Arg., *State v. Victorino*, No. 58392-5, at 1 (Wash. Ct. App. Sept.4, 2024).

No. 58392-5-II

ANALYSIS

In its motion to summarily reverse Victorino's conviction and dismiss this appeal, the State submits that a reversal, and a remand for the charge to be dismissed with prejudice, would best serve the ends of justice. The State also submits that upon further consideration of the matter, it has decided that the purposes of criminal prosecution have been met because Victorino has rehabilitated himself since the commission of the burglary in 1987.

Given the position of the State, we grant the State's motion for summary reversal of Victorino's conviction for second degree burglary and remand the matter to the trial court for further proceedings consistent with this opinion.

CONCLUSION

We reverse Victorino's conviction for second degree burglary and remand the matter to the trial court for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, P.J.

Price, J.

2